| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 1:14-CR-110
§
DEXTER QUANT CUNNINGHAM §

## MEMORANDUM AND ORDER

Pending before the court is Dexter Quant Cunningham's ("Cunningham") *pro se* Motion For Early Termination of Supervised Release (#73). United States Probation and Pretrial Services ("Probation") recommends that the court deny Cunningham's motion. The Government is also opposed to the motion. Having considered the motion, Probation's report, the record, and the applicable law, the court is of the opinion that Cunningham's motion should be denied.

I.   Background

On November 5, 2014, a grand jury in the Eastern District of Texas, Beaumont Division, returned a two-count Indictment charging Cunningham in Count One with Conspiracy to Possess with the Intent to Distribute a Controlled Substance, namely "actual" methamphetamine, in violation of 21 U.S.C. § 846; and in Count Two with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1). On February 26, 2015, Cunningham pleaded guilty to Count One of the Indictment pursuant to a binding plea agreement. On July 15, 2015, the court sentenced him to 108 months' imprisonment, followed by a 4-year term of supervised release. Subsequently, the court reduced Cunningham's sentence from 108 months' imprisonment to 86 months' imprisonment. On January 14, 2021, Cunningham was

released from prison and, at that time, began his 4-year term of supervised release in the Eastern District of Texas, Beaumont Division.

II.     Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir.), *cert. denied*, 142 S. Ct. 82 (2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). Early termination of supervised release is not an entitlement. *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Shellef*, No. 03-CR-0723

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

(JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018). "To the contrary, it is only 'occasionally' justified." *Id.* (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *accord Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination."); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, *3 (E.D. Wis. Sept. 16, 2011)); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the *conduct of the defendant* did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)) (emphasis in original); *United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020), *adopted by* No. 3:19-CR-0332-S, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in

criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2 (S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp.2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 67014769, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 67014769, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89).

Here, the court finds that Cunningham's post-release conduct does not warrant early termination of his supervised release. Although Cunningham provides the court with a list of several commendable achievements and goals, he identifies no new or exceptional circumstances or needs. Cunningham has an extensive criminal history consisting of three prior convictions, including two convictions for Possession of Marijuana and one conviction for Delivery of a Controlled Substance. Cunningham committed his offense of conviction while on probation for Delivery of a Controlled Substance. Moreover, contrary to his contention that he received no incident reports while incarcerated, Cunningham was sanctioned for moderate-severity infractions of Being Insolent to Staff Member and Refusing to Obey Order during his term of imprisonment. Cunningham states that he has made "progressive strides towards repayment of restitution obligations and has paid in full." As noted by Probation, however, Cunningham was not ordered to pay restitution in this case. Furthermore, Probation reports that Cunningham has been unemployed since beginning his term of supervised release. Cunningham, however, contends that he has been self-employed, but he gives no indication and provides no documentation concerning the nature of such employment, and Probation is unaware of his ever maintaining gainful employment while on supervision. In addition, it appears that he has a history of substance abuse, including the use of marijuana, alcohol, and tylenol3/codeine, and would likely benefit from continued supervision. Probation concludes that it would be in the best interest of Cunningham and the community for him to complete his 4-year term of supervised release, as ordered. The court agrees.

In sum, given the nature of his offense of conviction, early termination of supervised release would not be in the interest of justice, especially in view of Cunningham's misstatements

regarding his compliance. Thus, although Cunningham appears to be on the right track, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. Hence, Cunningham's motion for early termination of supervised release must be rejected.

III.   Conclusion

Accordingly, Cunningham's *pro se* Motion For Early Termination of Supervised Release (#73) is DENIED.

SIGNED at Beaumont, Texas, this 16th day of May, 2022.

                                       MARCIA A. CRONE
                                  UNITED STATES DISTRICT JUDGE